UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 1014 CDP |
| | ) |
| EXETER FINANCE LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff, Rodney Foster, brings this action claiming that Exeter Finance LLC violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § § 1681, *et seq.*, by failing to correct inaccurate credit information and failing to take corrective action upon receiving notice of the inaccuracies from credit reporting agencies. Exeter now seeks to dismiss Foster's claim in its entirety, arguing that it fails to state a claim upon which relief can be granted. For the following reasons, I will grant Exeter's motion.

## Background

Foster alleges two Counts asserting a violation of the FCRA, with Count I against consumer reporting agencies (CRAs) that are not a party to the motion to

dismiss and Count II solely against Exeter.[1]  Foster alleges that the underlying credit dispute arises from motor vehicle financing promulgated by Exeter and that Exeter acted as the furnisher of credit information.  In the spring of 2017, Foster filed dispute letters with the consumer reporting agencies, and he claims that in January 2018 he hired a credit repair agency that sent multiple notices to the consumer reporting agencies.  According to the complaint, the agencies reported the dispute to Exeter, who then failed investigate and correct the dispute.  Foster alleges that Exeter continued to respond with inaccurate information and added excess fees, charges, and interest to the account.  Foster does not allege that he directly disputed the inaccurate credit information with Exeter, nor does he allege what investigation Exeter conducted.  Foster alleges that because of Exeter's actions he suffered injuries and damage to his credit rating.

## Legal Standard

Exeter seeks to dismiss Foster's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007).  When reviewing a

---

[1] Originally, Foster brought this lawsuit against four consumer reporting agencies, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Chex Systems, Inc., and an additional credit furnisher, First Bank.  Trans Union and Experian have reached settlement with Foster.  [ECF 49 and 51].  Foster and First Bank stipulated to a dismissal with prejudice, leaving Exeter as the only party to Count II.  [ECF 53].

Rule 12(b)(6) motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *Id.* at 555-56; *see also Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021-22 (E.D. Mo. 2013). Specific facts are not necessary to support the allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, the complaint "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F. 3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

## **Discussion**

Exeter argues that the facts alleged in the complaint cannot support a FCRA claim because Foster did not directly dispute the credit inaccuracy with Exeter, Foster lacks a private cause of action for any alleged inaccuracy, and the barebones facts in the complaint cannot give rise to negligent or willful violation of the FCRA. Foster argues he has satisfied the pleading standard because the facts alleged provide a plausible basis to support a claim brought under § 1681s-2(b), which requires notice of the dispute to the furnisher and an investigation of disputed information by the furnisher. Foster then argues that Exeter's lack of an investigation is a breach of the FCRA and said breach supports a claim for negligent or willful noncompliance under §§1681o and 1681n.

A consumer may have a private right of action under §1681s-2(b) when a furnisher fails to meet duties imposed upon furnishers after they receive notice of a dispute from a CRA. *Drew v. Capital One Bank (USA) N.A.*, No. 1:16CV00095 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016). Therefore, Exeter's arguments that Foster cannot bring a private right of action under § 1681s-2(a) are inapposite here. I will nevertheless grant Exeter's motion to dismiss because Foster has not plead how Exeter violated § 1681s-2(b). The complaint lacks sufficient factual information to support a claim that Exeter engaged in negligent or willful conduct and should therefore be liable under §§1681o and 1681n.

To enforce a private right of action and to establish a claim against a credit furnisher for violating § 1681s-2(b), a plaintiff must establish the following: (1) a dispute regarding the accuracy or completeness of information with a CRA; (2) notice from the CRA to the furnisher of the dispute; (3) and the furnisher failed to investigate, correct any inaccuracies, or notify the CRA of the results of the investigation. *See* 15 U.S.C. §§ 1681s-2b and 1681i(a)(2). Section 1681o of the FCRA provides consumers a cause of action for negligent noncompliance with § 1681s-2(b), allowing for recovery of actual damages, costs, and attorney's fees. 15 U.S.C. § 1681o. Section 1681n provides any person a cause of action for willful noncompliance for failing to abide by the FCRA and permits recovery for actual damages, punitive damages, and attorney's fees. 15 U.S.C. § 1681n.

Foster's complaint is barren of facts necessary to raise his FCRA claim under § 1681s-2(b) above a speculative level. The complaint does not allege how Exeter reported incorrect, incomplete, or inaccurate information; the complaint also fails to mention how Exeter failed to conduct an investigation or report the underlying credit dispute. *See Kaestner v. Diversified Consultants, Inc.,* No. 4:17-CV-2607 CAS, 2018 WL 465786, at *4 (E.D. Mo. Jan. 17, 2018) (dismissal warranted when plaintiff failed to plead facts to show incorrect information or defendant's failure to investigate). In fact, the complaint contains only one factual allegation against Exeter, which states "the inaccuracy for Exeter is they are failing to properly include and note Plaintiff's disputes…Exeter added excess fees, charges and/or interest to the account." [ECF 1-3 at ¶ 20]. This factual allegation does not describe the inaccurate information that was furnished, what "dispute" plaintiff is referring to, when any investigation occurred, anything about the underlying dispute, or any specific wrongdoing by Exeter.

Further, the complaint does not state which of the CRAs reported the underlying credit inaccuracy to Exeter, only that the CRAs "forwarded notice to all credit furnisher defendants." [ECF 1-3 at ¶ 18]; *see also Young v. LVNV Funding, LLC,* No. 4:12CV01180AGF, 2012 WL 5508407, at *3 (E.D. Mo. Nov. 14, 2012) (pleading requirements satisfied because plaintiff pled facts supporting the allegations that the defendant received notice of the dispute from CRAs and the

5

CRAs indicated the defendant continued to verify the disputed information). Foster's complaint merely states conclusory statements and "naked assertions devoid of further factual enhancement" that are insufficient to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The complaint amounts to not much more than a bare recitation of the elements of § 1681s-2(b) claim.

Since the complaint lacks a factual basis to support a violation of § 1681s-2(b), it cannot support a claim for negligent or willful noncompliance under both §§ 1681o and 1681n. *See Lewis v. Beneficial California, Inc.*, No. 4:17-CV-03575-KAW, 2018 WL 6169348, at *6 (N.D. Cal. Nov. 26, 2018) (plaintiff's allegations are insufficient to state a claim under the private right of action of the FCRA because plaintiff failed to plead the report of credit information or how the defendants failed to investigate disputed information). Foster has not stated when Exeter received notices of the dispute, if Exeter conducted an investigation at all, or what specific information Exeter falsely reported. Without more factual information, Foster's complaint only provides a speculative basis for relief and cannot give rise to a claim for negligent or willful noncompliance with the FCRA. Therefore, Foster has not stated a valid claim under the FCRA and the single Count against Exeter shall be dismissed for failing to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Exeter Finance, LLC's motion to dismiss [23] is granted and the action against Exeter is dismissed with prejudice.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2018