**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| RODNEY FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-01014-CDP |
| ) | |
| EXETER FINANCE LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF LORI JONES**

I, Lori Jones, declare as follows:

1. I am over the age of 18 years and have personal knowledge of the facts to which I attest below.

2. I am currently employed as Senior Compliance Analyst for Defendant Chex Systems, Inc. ("Chex").

3. I have personal knowledge of the matters described herein based on my personal experiences as an employee of Chex and on my review of records maintained by Chex in the ordinary course of its business as a specialized consumer reporting agency. I have reviewed Chex's records concerning the credit files of Plaintiff Rodney Foster ("Plaintiff"). I have reviewed Plaintiff's complaint and am generally familiar with the allegations made therein.

4. I have also reviewed Plaintiff's Initial Rule 26(a)(1) Disclosures, a true and correct copy of which is attached hereto as "**Exhibit B-1**."

5. I am authorized to provide this Declaration in support of Chex's Motion for Summary Judgment.

1

**EXHIBIT B**

**Chex And Its Dispute Procedure**

6. Chex does not report consumer credit history, but instead reports on consumer banking history. Chex's clients regularly contribute information on closed checking and savings accounts, which Chex provides to financial institutions and other companies that have a permissible purpose under the Fair Credit Reporting Act (the "FCRA").

7. Chex maintains procedures designed to assure that it conducts reasonable reinvestigations of information that consumers dispute as inaccurate.

8. A consumer may contact Chex to request a consumer disclosure report or to dispute information reported on his or her consumer disclosure report by telephone, mail, or through an internet portal on Chex's website. Upon receipt of a dispute, and after locating the consumer's consumer disclosure report, Chex initiates the process of a reinvestigation.

9. Absent an obvious defect that can be corrected on its face, Chex then notifies the source of the account information (referred to as "furnisher") of the consumer dispute, identifies the nature of the consumer's dispute, and includes the consumer's account information as it then appears in Chex's consumer disclosure report.

10. If the consumer provided Chex with documentation that supports his or her dispute, Chex will provide that documentation to the furnisher.

11. When the furnisher receives the dispute from Chex, the furnisher is expected to conduct its own investigation and to report the results back to Chex.

12. If the furnisher advises Chex to delete or otherwise update the account information, Chex takes the necessary action and notifies the consumer.

13. Upon completion of the reinvestigation, Chex sends the consumer the results of the reinvestigation along with a summary of the consumer's rights under the FCRA and additional steps the consumer may take.

14. The individuals that handle consumer disputes must undergo a training process whereby they are trained on the reinvestigation policies and procedures created by Chex.

**Plaintiff's Dispute to Chex**

15. On April 6, 2018, Chex received a letter from Plaintiff regarding, as the letter states, an entry in "his Chex Systems record."

16. In the April 6, 2018 letter, Plaintiff states that to his knowledge, he had never had non-sufficient funds and was not aware of any negative entries.

17. On April 7, 2018, in response to Plaintiff's April 6, 2018 letter, Chex sent Plaintiff a letter advising him of Chex's receipt of his request and that it would initiate a reinvestigation.

18. On April 12, 2018, Chex contacted First Bank to initiate the reinvestigation and submitted Plaintiff's dispute.

19. In Chex's April 12, 2018 correspondence to First Bank, it inquired as to whether the non-sufficient funds was accurately submitted to Chex, and whether the information was still accurate and should remain in Chex's system.

20. First Bank responded to Chex, advising that the reporting reason of non-sufficient funds was accurately submitted to Chex, and that the information as to Plaintiff was accurate and should remain in Chex system.

21. On April 17, 2018, Chex sent Plaintiff a letter informing him that the reinvestigation was verified, that the information submitted by First Bank was confirmed as accurate as reported, and informing Plaintiff how to obtain additional information, among other things.

22. The dispute that Chex received on April 6, 2018, was the only written dispute that Chex received from Plaintiff.

**No Evidence of Inaccuracy or Damages**

23. Plaintiff has not provided any evidence to Chex to demonstrate that Chex's reporting of Plaintiff's account was in fact inaccurate.

24. Chex believes that its reporting of Plaintiff's account was accurate based upon information from First Bank.

25. Plaintiff has not provided any information to Chex demonstrating actual damages he has suffered.

26. Plaintiff has not provided any information to Chex demonstrating of emotional distress damages he has suffered.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNED IN __Bivins__, __Texas__, THIS __7th__ DAY OF __March__, 2019.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY FOSTER, | ) |
|     Plaintiff, | ) Case No.: 4:18-cv-01014 CDP |
| v. | ) |
| EXETER FINANCE, LLC et al | ) |
|     Defendants. | ) |

**Plaintiff's Initial Rule 26(a)(1) Disclosures**

Plaintiff, Rodney Foster, makes the following disclosures pursuant to Federal Rule of Civil Procedure 26(a):

1. **Names and addresses of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.**

    a. Rodney Foster (Plaintiff): has knowledge concerning allegations contained in the Complaint. Address: 7292 Norstead Walk, Apt 5, St. Louis, MO 63121

    b. Individuals identified by Defendant;

    c. Individuals identified during discovery;

    d. Individuals necessary for impeachment and foundation;

2. **Description by category of documents, data, compilations, and tangible things in possession, custody, or control of disclosing party that disclosing party may use to support its claims or defenses.**

    a. Plaintiff may have copies of his credit report(s), as identified in the Complaint;

    b. Plaintiff may have documents, mailings and/or correspondences related to his Complaint;

    c. Documents identified by Defendant;

EXHIBIT B-1

    d. Documents otherwise produced in this action;

    e. Documents necessary for impeachment and foundation.

3. **Computation of damages claimed by responding party.**

    a. Reasonable attorneys' fees and actual damages to be assessed at trial. Plaintiff will ask that attorneys' fees be calculated at a rate of $345.00 per hour;

    b. Punitive and Pre- and post- judgment interest as allowed by law;

    c. Emotional distress and pain and suffering in an amount to be determined at trial.

4. **Insurance Agreement**

    a. N/A.

5. **Supplemental Disclosure**

    a. Plaintiff will supplement his initial Rule 26(a) disclosures in accordance with the provisions of Federal Rule of Civil Procedure 26(e).

> By:  /s/ Matthew P. Cook
> Cook Law, LLC
> Matthew P. Cook #62815
> Attorney for Plaintiff
> 2885 Sanford Ave SW #42270
> Grandville, MI 49418
> Phone:  314-200-5536
> Email:  Cookmp21@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of November, 2018, a true and correct copy of the foregoing document was sent via email to the following counsel of record:

> Jacon W. Thessen,
> jake.thessen@dentons.com

*Attorney for Defendant Exeter Finance LLC*

Peter Corsale, pcorsale@polsinelli.com
Charles Campbell, ccampbell@kslaw.com

*Attorney for Defendant Equifax Information Services*

Joshua C. Dickinson,
jdickinson@spencerfane.com

Patrick T. McLaughlin,
pmclaughlin@spencerfane.com

*Attorneys for Defendant  Chex Systems, LLC*

            ___/s/ Matthew P. Cook___

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RODNEY FOSTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EXETER FINANCE LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:18-cv-01014-CDP |

## VERIFICATION OF SIGNED ORIGINAL DOCUMENT

Pursuant to Local Rule 11-2.11, Joshua C. Dickinson hereby attests to the existence of a paper copy of the Declaration of Lori Jones bearing an original signature. The document was filed electronically on March 12, 2019, with a blank signature line. Counsel will retain the paper copy bearing the original signature during the pendency of the litigation including all possible appeals.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
13520 California Street, Suite 290
Omaha, NE 68154
(402) 965-8600 (telephone)
(402) 965-8601 (facsimile)
jdickinson@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
pmclaughlin@spencerfane.com

*Attorneys for Defendant Chex Systems, Inc.*

1

OM 517267.1

2

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 12th day of March, 2019, with notice of case activity generated and sent electronically to counsel of record.

                                                   /s/ Joshua C. Dickinson
                                                   Attorney for Defendant Chex Systems, Inc.

OM 517267.1