# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RODNEY FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 4:18-cv-01014-CDP |
| EXETER FINANCE LLC, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANT CHEX SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

Plaintiff alleges that Chex[1] failed to conduct a "reasonable reinvestigation" of Plaintiff's one dispute to Chex pertaining to a First Bank account in violation of Section 1681i(a)(1)(A) of the Fair Credit Reporting Act ("FCRA"). Plaintiff has filed Motion for Summary Judgment. ("Plaintiff's Motion," Doc. 83.)

Chex files this Opposition to Plaintiff's Motion for Summary Judgment ("Opposition") and Chex itself previously moved for summary judgment (Doc. 75). In conjunction with this Opposition, Chex has filed its Reply Memorandum in Support of its Motion for Summary Judgment (hereinafter "Chex's Reply"). The arguments contained in Chex's Reply largely mirror the arguments in opposition to Plaintiff's Motion for Summary Judgment. Thus, in the interest of judicial economy, in this Opposition, Chex will refer to specific portions of the Reply.

Also, in conjunction with Chex's Motion for Summary Judgment, Chex filed a Statement of Uncontroverted Material Facts (Doc. 77), referred to as "Defendant's SOF," which Chex incorporates into this Opposition. Chex also files an Additional Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment and in Support of its Opposition

---

[1] Defendant Chex Systems, Inc. is referred to as "Chex."

1

to Plaintiff's Motion for Summary Judgment ("Defendant's Additional SOF") in support of this Opposition.

In short, Plaintiff is not entitled to judgment because Plaintiff has not made a sufficient showing on the elements of Plaintiff's claim. Undisputedly, Plaintiff must establish *all* of the following to prevail: (1) that Chex failed to follow reasonable procedures to ensure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) Plaintiff suffered injury; and (4) Chex's failure caused Plaintiff's injury. Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1239 (10th Cir. 2015). Plaintiff has not met Plaintiff's burden as to *any* of the factors.

## II. PLAINTIFF FAILED TO COMPLY WITH E.D. MO. LOCAL RULE 7-4.01(E) AND, THUS, PLAINTIFF'S "EXHIBITS" SHOULD BE DISREGARDED

In support of Plaintiff's Motion, Plaintiff has filed "Stipulated Facts" (Doc. 84) and a Memorandum in Support of Motion for Summary Judgment ("Plaintiff's Memorandum," Doc. 85). As the title of the Stipulated Facts indicates, those are facts that Plaintiff and Chex have previously agreed upon. The Stipulated Facts do not show that Plaintiff did not owe the debt, that the reinvestigation was unreasonable, that Plaintiff suffered an injury, or that Plaintiff's injury was caused by Chex's failure to conduct a reasonable reinvestigation. (See Doc. 84.)

Plaintiff failed to file a "statement of uncontroverted material facts" in support of Plaintiff's Motion as Plaintiff was required to do per E.D. Mo. Local Rule 7-4.01(E). That failure is grounds to deny Plaintiff's Motion. Jones v. Corizon Med. Servs., No. 1:16-CV-55 SNLJ, 2017 WL 2403750, at *3 (E.D. Mo. June 2, 2017) (denying a motion for summary judgment where the moving party failed to attach a statement of uncontroverted material facts).

Even if the Court considers Plaintiff's Motion, Plaintiff has not submitted sufficient evidence to establish the elements of Plaintiff's claim. Plaintiff has attached five exhibits to Plaintiff's Motion, which appear to consist of the following:

- Exhibit 1—these documents are apparently the documents that are attached to the Stipulated Facts at pages 4-21 of Doc. 77-1.

- Exhibit 2—documents that Chex produced in discovery in this case

- Exhibit 3—Chex's "Global Investigation Procedure Manual"

- Exhibit 4—Plaintiff's "Affidavit for Damages" (hereafter "Plaintiff's Affidavit")

- Exhibit 5—the signature page to Plaintiff's Affidavit[2]

Chex has moved to strike Plaintiff's Affidavit and none of the Exhibits demonstrate that Plaintiff is entitled to relief.

### III. RESPONSE TO PLAINTIFF'S FACTS

Plaintiff has included a "Facts" section in Plaintiff's Memorandum (Doc. 85), to which Chex responds as follows. The facts pertaining to Plaintiff's Dispute and Chex's response are largely undisputed. Plaintiff sent Chex a letter dated March 28, 2018, which Chex received on April 6, 2018, where Plaintiff advised that:

> To my knowledge, [sic] have never had non-sufficient funds and I am not aware of any negative entries. Kindly forward me a copy of my ChexSystems record so that I may verify its accuracy."[3]

Attached to the Dispute Letter was a copy of Plaintiff's driver's license and a snippet of an unrelated St. Louis Community Credit Union "Summary of Accounts" for Rodney J. Foster Jr.[4] Chex responded to Plaintiff on April 7, 2018, attaching the information contained in Chex's consumer file for Plaintiff, as Plaintiff had requested.[5] Chex contacted First Bank via a letter dated April 12, 2018 ("April 12 Letter") to initiate the reinvestigation, informing First Bank that:

---

[2] Exhibits 1 to 5 are collectively referred to as "Plaintiff's Exhibits" or "Exhibits."

[3] See Defendant's Additional SOF ¶ 27 and Exhibit C-1 thereto. Plaintiff's letter dated March 28, 2018 is referred to as "Dispute Letter" or "Plaintiff's Dispute."

[4] Defendant's Additional SOF ¶ 29.

[5] Id. ¶¶ 33, 34.

3

"Reason for Reinvestigation: Consumer states that he never had non-sufficient funds (NSF) on the above account and not aware of any negative entries."[6] First Bank responded that the information was accurate and Chex reported accordingly.[7] Chex then mailed a letter to Plaintiff stating that the investigation of the information pertinent to First Bank was verified and that the information submitted by First Bank was accurate as reported. The Dispute Letter is the only dispute that Chex received from Plaintiff.[8] Also, the communications set forth above are the only communications that occurred between Plaintiff and Chex.[9]

First, Plaintiff must establish that the First Bank report was, in fact, inaccurate. To support this assertion, Plaintiff cites, first, to his Complaint. (Doc. 85 at 1.) Of course, Plaintiff's Complaint is not sufficient evidence to establish a fact in dispute. See Fed. R. Civ. P. 56(c). Plaintiff also cites to Plaintiff's Affidavit to support the inaccuracy of the report, but it contains only Plaintiff's conclusions that are unsupported by specific facts or evidence.[10] In the Affidavit, Plaintiff states that First Bank was charging Plaintiff for overdraft charges and/or non-sufficient funds and that Plaintiff did not owe such charges. (Plaintiff's Ex. 4 ¶¶ 7, 9.) Plaintiff did not explain why he did not owe these amounts or bring forward any documentation to show that Plaintiff did not owe these amounts. (See Plaintiff's Ex. 4.) Moreover, First Bank's "Statement of Account" records for Plaintiff's account detail how the amount reported was calculated and demonstrate the amount reported was accurate. (Defendant's Additional SOF ¶ 36.)

---

[6] Doc. 77-1 at p. 4.

[7] Doc. 77-1 at 8.

[8] Defendant's SOF ¶ 20; Defendant's Additional SOF ¶ 26.

[9] Id.

[10] See Plaintiff's "Exhibit 4" in support of Plaintiff's Motion (Doc. 85).

Plaintiff also argues in his "Facts" that Plaintiff demonstrated that Plaintiff has actual damages via Plaintiff's denial of credit or inability to open banking accounts and emotional distress. (Doc. 85 at 1-2.) As to Plaintiff's assertion that Plaintiff "was also denied credit specifically because of the Defendant reporting the derogatory and inaccurate tradeline," it is unsupported by any evidence. (Doc. 85 at 2.) Regarding Plaintiff's allegation that Plaintiff was denied a bank account by Fedex Employees Credit Association ("FedEx") and St. Louis Community Credit Union ("SLCC"), there is likewise insufficient information to establish this fact. The parties have agreed that FedEx and SLCC made inquiries to Chex concerning Plaintiff (Doc. 84 ¶ 17), but Chex, through the Stipulated Facts, did not agree that Plaintiff was denied a banking account by those entities. (Id.) Furthermore, Plaintiff has not provided any evidence that he was denied opening a bank account and that the reason was due to Chex's unreasonable reinvestigation, other than Plaintiff's bare assertion. (See Doc. 85 at 2.) "Conclusory affidavits do not provide a basis upon which to deny motions for summary judgment." Armour & Co. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

As to the emotional distress damages, Plaintiff relies only on Plaintiff's Affidavit, which contains statements that are not admissible in evidence (and are the basis of Chex's concurrently filed Motion to Strike) or are uncorroborated. (See Plaintiff's Ex. 4.)

Finally, in Plaintiff's "Facts," Plaintiff has not addressed the reasonableness of Chex's reinvestigation (see Doc. 85 at 1-2) and Plaintiff is required to demonstrate that the reinvestigation was unreasonable in order to prevail on summary judgment.

## IV. ARGUMENT

### A. Plaintiff Has Not Demonstrated That The Reporting Was Inaccurate

To establish a claim under Section 1681i(a), Plaintiff must first demonstrate that the reported information was in fact inaccurate. Paul v. Experian Info. Sols., Inc., 793 F. Supp. 2d

5

OM 520888.1

1098, 1102 (D. Minn. 2011). Plaintiff cites numerous cases for the proposition that the FCRA requires more than "technical or literally accuracy" and it requires "the maximum possible accuracy." (Doc. 85 at 3.) Plaintiff ignores that it is Section 1681e(b) of the FCRA that requires reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Pinner v. Schmidt, 805 F.2d 1258, 1261-62 (5th Cir. 1986). Section 1681e(b) is not at issue in this case. In regard to Plaintiff's assertion that the FCRA requires more than "technical accuracy," the case Plaintiff cited pertains to *a furnisher's* investigation and *the furnisher's* failure to report a dispute. Hrebal v. Seterus, Inc., No. 17-CV-1815 (SRN/SER), 2019 WL 332201, at *9 (D. Minn. Jan. 25, 2019).

Moreover, Chex presented evidence that the reporting *was* accurate. (Defendant's SOF ¶¶ 18, 22-23.) Additional evidence that the reporting was accurate is set forth in First Bank's "Statement of Account" records, which detail how charges were calculated and the basis for the charges. (Defendant's Additional SOF ¶ 36.)

Plaintiff relies upon Plaintiff's Affidavit to establish that the First Bank charges were inaccurate. (Doc. 85 at 3-4.) Plaintiff's Affidavit, where Plaintiff testified that he did not owe the amounts, is conclusory, lacks foundation, and should be insufficient to defeat summary judgment on that ground. Cf. Langley v. Hot Spring Cty., Ark., 393 F.3d 814, 818 (8th Cir. 2005) (holding that plaintiff's affidavit was conclusory and was insufficient to defeat summary judgment for defendant). The parties have stipulated to First Bank's document stating that the charge-off amount on Plaintiff's account was $779.88, which is what Chex was credit reporting on Plaintiff's account.[11] In Plaintiff's Affidavit, Plaintiff has not advised as to the basis of the dispute as to the amount owed, or provided any documentation to support his contention that the

---

[11] Doc. 77-1 at 4, 17-18

6

OM 520888.1

amount was not owed. (See Plaintiff's Ex. 4.) Self-serving speculation like this is not sufficient on summary judgment. See Morrison v. Hale, No. 4:17-CV-875-NAB, 2019 WL 1254712, at *6 (E.D. Mo. Mar. 19, 2019) (holding that self-serving speculation in a declaration is insufficient). Thus, Plaintiff's Affidavit does not establish that the credit reporting was, indeed, inaccurate.

Plaintiff's Affidavit is also insufficient to demonstrate that the reporting was inaccurate because it contains hearsay statements (i.e., Plaintiff's testimony about what Plaintiff told First Bank and what First Bank told Plaintiff; Plaintiff's Ex. 4 ¶¶ 8, 10). See Fed. R. Civ. P. 56(c). Affidavits in support of summary judgment must set out facts that would be admissible into evidence. Fed. R. Civ. P. 56(c)(4). Plaintiff's Affidavit is insufficient to meet Plaintiff's burden for that additional reason. Grace Investments, Inc. v. Glob. Energy Tr., Ltd., No. CIV06-1041 ADM/AJB, 2006 WL 2067812, at *3 (D. Minn. July 24, 2006) (holding that unsupported and conclusory allegations are insufficient to meet that party's burden). For these reasons, Plaintiff has not met Plaintiff's burden to establish that the reporting was, in fact, inaccurate, and Plaintiff's Motion for Summary Judgment fails for this reason alone.

**B.    Plaintiff Has Not Shown That Chex's Reinvestigation Was Unreasonable**

In Chex's Reply (at page 8), Chex discussed its duty under the FCRA to conduct a "reasonable reinvestigation" and Chex incorporates that discussion here. See 15 U.S.C. § 1681i(a)(1)(A). The facts concerning Chex's dispute procedures, Plaintiff's Dispute, Chex's reinvestigation, and Chex's response are undisputed. (See Doc. 77 ¶¶ 1-23.)

The reasons why Plaintiff believes that the reinvestigation was unreasonable do not, as a matter of law, render the reinvestigation unreasonable. Plaintiff's reasons and Chex's response (as are set forth fully in Chex's Reply at pp. 9-12) are summarized below.

- The reinvestigation consisted of faxing a boilerplate form letter with two check boxes.

- o <u>Chex Response</u>: The April 12 Letter provided myriad information about Plaintiff's account and specifically advised that the reason for the reinvestigation is that "Consumer states that he never had non-sufficient funds (NSF) on the above account and not aware of any negative entries"; and that Plaintiff advised that any amounts have been paid. The April 12 Letter also provided blank space for First Bank to provide "the correct reason for reporting" and advised First Bank that "[a]fter your research is completed" to fax its response back to Chex.

- Chex did not forward the Dispute Letter or the supporting documentation.
  - o <u>Chex's Response</u>: There is no categorical duty for credit reporting agencies to provide a customer's dispute or supporting documents to the furnisher. Furthermore, Plaintiff has failed to advise how Chex providing those documents would have produced a different result, as Plaintiff did not dispute that Plaintiff owned the account. Furthermore, Chex does not send a copy of driver's licenses to furnishers unless the customer specifically authorizes or requests that Chex do so, which Plaintiff here did not. As to the second document, which consisted of a snippet from an unrelated SLCC "Summary of Accounts" for Rodney J. Foster Jr., Plaintiff does not explain what this document is and how it would have possibly aided in First Bank's investigation of Plaintiff's dispute, which predated the document by almost four years

- Chex did not request internal records from First Bank.
  - o <u>Chex Response</u>: Chex had no duty to go beyond First Bank because Plaintiff did not alert Chex to the possibility that First Bank may be unreliable and Chex has no reason to believe that First Bank's reporting is unreliable.

- Chex did not properly mark Plaintiff's dispute.
  - o <u>Chex Response</u>: Plaintiff ignores that Chex's April 12 Letter to First Bank stated that the reason listed for the reinvestigation was: "**Consumer states that he never had any non-sufficient funds (NSF) on the above account and not aware of any negative entries**." This language parrots the Dispute Letter. Further, Plaintiff's Dispute Letter did not specifically mention overdraft charges and only referenced "non-sufficient funds" and "negative entries," of which Chex informed First Bank.

- Chex did not follow its procedure, which was to ask First Bank that the information be "researched"
  - o <u>Chex Response</u>: First, the FCRA does not mandate that credit reporting agencies follow their reinvestigation procedures exactly to satisfy the reasonable reinvestigation requirement. Moreover, Chex advised First Bank that Plaintiff's dispute must be verified for accuracy and completeness and then advised it that "[a]fter your research is completed, please fax your response back to my attention . . . ."

8

- Contrary to its procedures, Chex "generalized" the dispute.
    - Chex Response: The only reason that Plaintiff provided for Plaintiff's Dispute was that: "To my knowledge, [sic] have never had non-sufficient funds and I am not aware of any negative entries." As set forth above, Chex parroted Plaintiff's Dispute. Also, Chex provided ample space for First Bank to provide the "results" of its investigation and/or the "correct reason for reporting," and First Bank left those spaces blank. Thus, Chex did not fail to provide any details from First Bank and did not generalize anything.

- Chex did not request that First Bank verify the account.
    - Chex Response: *Plaintiff* did not request validation/documentation from First Bank. Plaintiff requested that Chex forward Plaintiff "a copy of my ChexSystems *[sic]* record so that I may verify its accuracy." As Plaintiff requested, Chex sent Plaintiff a copy of the information in Plaintiff's consumer file at Chex.

In sum, even if Chex had done all the things that Plaintiff asserts it did not do, Chex could *not* have determined that the reporting on Plaintiff's account was in error. There is nothing in First Bank's records, (Doc. 77-1 at 9-21), to demonstrate that there was, indeed, any error. Thus, Plaintiff has not demonstrated that Chex's reinvestigation was unreasonable. For this independent reason, Plaintiff's Motion must be denied.

### C. Plaintiff Has Not Established Any Actual Damages or Causation

Plaintiff asserts that Plaintiff has actual damages consisting of the inability to open a bank account (or denial of credit) and emotional distress. (Doc. 85 at 10-11.) Plaintiff has not brought forward sufficient evidence of either assertion. Plaintiff has cited no evidence whatsoever to support the assertion that "Plaintiff was denied credit specifically because of the Defendant reporting the derogatory and inaccurate tradeline." (Doc. 85 at 11.) Furthermore, as to the claim that Plaintiff was denied the ability to open banking accounts at FedEx and SLCC, Plaintiff has submitted no admissible to evidence to support that assertion. Moreover, Plaintiff submitted what appears to be a statement from SLCC, which also undermines Plaintiff's claim.

9

As to the emotional distress, as set forth fully in Chex's Reply, (see pp. 14-15), courts have found that unsubstantiated allegations such as Plaintiff's here, including frustration, embarrassment, and sleeplessness, are not sufficient to establish a genuine injury. Edeh, 974 F. Supp. 2d at 1244. Plaintiff must, but has not, come forward with some documentary or corroborated evidence and "self-serving, conclusory, and uncorroborated" statements are not enough to create a genuine issue of fact as to actual damages. See Collins v. Diversified Consultants, Inc., Civil Action No. 15-cv-02115-RBJ-NYW, 2017 U.S. Dist. LEXIS 35487, at \*\*47-48 (D. Colo. Feb. 1, 2017); Jenkins v. AmeriCredit Fin. Servs., No. 14-5687, 2017 U.S. Dist. LEXIS 57560, \*\*25-26 (E.D.N.Y. Feb. 14, 2017); McKinley v. CSC Credit Servs., Inc., No. CIV 05-2340 ADM/JJG, 2007 WL 1412555, at \*5 (D. Minn. May 10, 2007).

As to causation, Plaintiff essentially asserts that his injury was caused by Chex because he said so. (See generally, Plaintiff's Ex. 4.) In fact, Plaintiff's alleged failure to open bank accounts occurred in 2016, which is well before Plaintiff's Dispute to Chex. Chex's alleged failure to reasonably reinvestigate Plaintiff's Dispute in 2018 could not have caused Plaintiff's inability to open bank accounts in 2016. As to causation of Plaintiff's emotional distress claims, Plaintiff has not specifically linked Chex's reporting of the First Bank account subsequent to Chex's reinvestigation to his alleged injuries. The failure to provide this link, coupled with conclusory claims based solely on Plaintiff's testimony, are insufficient to give rise to a genuine factual dispute necessitating trial. Dao v. Cellco P'ship, No. 14-1219 (JRT/BRT), 2015 WL 7572304, at \*5 (D. Minn. Nov. 24, 2015).

## V. CONCLUSION

For the reasons set forth above, Defendant requests that Plaintiff's Motion for Summary Judgment be denied and that the Court grant such other and further relief as it deems proper.

10

DATED this 6th day of May, 2019.

>Respectfully submitted,
>
>SPENCER FANE LLP
>
>By: /s/ Joshua C. Dickinson
>  Joshua C. Dickinson, #51446MO
>  13520 California Street, Suite 290
>  Omaha, NE 68154
>  (402) 965-8600 (telephone)
>  (402) 965-8601 (facsimile)
>  jdickinson@spencerfane.com
>
>  Patrick T. McLaughlin, #48633MO
>  1 North Brentwood Blvd., Suite 1000
>  St. Louis, MO 63105
>  (314) 863-7733 (telephone)
>  (314) 862-4656 (facsimile)
>  pmclaughlin@spencerfane.com
>
>  *Attorneys for Defendant Chex Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 6th day of May, 2019, with notice of case activity generated and sent electronically to counsel of record.

>/s/ Joshua C. Dickinson
>Attorney for Defendant Chex Systems, Inc.